# EXHIBIT 1

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

RICHARD LEWIS

vs.

LEHMAN BROTHERS BANK FSB

NO.  2016-07556

## NOTICE TO DEFEND - CIVIL

       You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

       YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

       IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

</div>

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

RICHARD LEWIS

vs.

LEHMAN BROTHERS BANK FSB

NO. 2016-07556

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  MATTHEW SHPRUKHMAN, Esq., ID: 92825

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No        **Money Damages Requested** ☐

**Commencement of Action:**              **Amount in Controversy:**

Complaint

## Case Type and Code

Miscellaneous: _____

Declaratory Judgment _____

**Other:** _____

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

M. Edvard Shprukhman, Esq. (Pennsylvania ID 92825)
LAW OFFICES OF M. EDVARD SHPRUKHMAN
8202 Anita Road
Pikesville, MD 21208
Phone: (410) 262-6448
Fax: (443) 725-3108
Attorney for Plaintiffs
Richard A. Lewis
and
Trina M. Lewis

## IN THE DISTRICT COURT
## IN AND FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Richard A. Lewis AND<br>Trina M. Lewis, | No. _____ |
| Plaintiffs, | CIVIL ACTION- LAW |
| v. | |
| Lehman Brothers Bank, F.S.B.<br>1000 N. West. St.<br>Wilmington, DE 19801; | |
| c/o: Prentice-Hall Corporation System, Inc.<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110; | |
| Mortgage Electronic Registration Systems, Inc.<br>912 Greene Countrie Drive<br>West Chester, PA 19380; | |
| CitiMortgage, Inc.<br>1000 Technology Drive<br>O'Fallon, MO 63368; | |
| c/o: C T Corporation System<br>116 Pine Street<br>Suite 320<br>Harrisburg, PA 17101; | |

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

**PLAINTIFFS' COMPLAINT**

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Citibank, N.A.
399 Park Avenue
New York, NY 10022;

Wilmington Trust Company
1100 North Market Street
Wilmington, DE 19801;

c/o: Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110;

Structured Asset Securities Corporation
3 World Financial Center
New York, NY 10285;

Lehman Brothers Holdings, Inc.
1271 Avenue of the Americas, Ste. C2
New York, NY 10020;

Prentice Hall Corporation System, Inc.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110;

Aurora Loan Services, Inc.
10350 Park Meadows Dr. #200
Lone Tree, CO 80124;

c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110;

and Does 1-100

                    Defendants.

---

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Richard A. Lewis and Trina M. Lewis ("Plaintiffs"), through their attorney, M. Edvard Shprukhman, alleges the following against all Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1.      The transactions and events which are the subject matter of this Complaint all occurred within the County of Montgomery State of Pennsylvania.

2.      This action stems from a wrongful foreclosure and associated wrongdoings conducted by Defendants Lehman Brothers Bank, F.S.B., CitiMortgage, Inc., Citibank, N.A., and Wilmington Trust Company. (*See:* Wilmington Trust Company As Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-26XC, c/o CitiMortgage, Inc., Court of Common Pleas, Montgomery County, No.: 2014-09942.)

3.      The property that is collateralized by the Loan is located within the County of Montgomery, State of Pennsylvania with the address of 344 Franklin Court, Ambler, Pennsylvania 19002 (the "Property").

## PARTIES

4.      Plaintiffs are now, and at all times relevant to this action, residents of the County of Montgomery State of Pennsylvania.

5.      At all times relevant to this action, Plaintiffs have owned the Property located at 344 Franklin Court, Ambler, Pennsylvania 19002.

6.      Defendant, Lehman Brothers Bank, F.S.B. ("ORIGINATOR") is a Corporation doing business in the County of New Castle State of Delaware.  Plaintiffs are informed and believe, and thereon allege, that Defendant Lehman Brothers Bank, F.S.B. is the Originator of the mortgage loan.

7.      Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Corporation doing business in the County of Fairfax State of Virginia.  Plaintiffs are informed and believe, and thereon allege, that Defendant MERS is the purported original Beneficiary Mortgagee of the Mortgage and/or a purported participant in the separation of the Note and Mortgage as more particularly described in this Complaint.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

8.      Defendant, CitiMortgage, Inc. ("SERVICER") is a National Banking Association doing business in the County of St. Charles State of Missouri.  Plaintiffs are further informed and believe, and thereon allege, that CitiMortgage, Inc. is the purported Servicer for the Mortgage.

9.      Defendant, Citibank, N.A. ("TRUSTEE"), as Trustee for securitized trust: Structured Asset Securities Corporation Mortgage Pass-Through Certificate Series 2003-36XS ("SECURITIZED TRUST").  Plaintiffs are informed and believe, and thereon allege, that Citibank, N.A. is a National Banking Association doing business in the County of New York State of New York, and is the purported Trustee for SECURITIZED TRUST and/or a purported participant in the separation of the Note and Mortgage as more particularly described in this Complaint.

10.     Defendant, Wilmington Trust Company, as Trustee for securitized trust: Structured Asset Securities Corporation Mortgage Pass-Through Certificate Series 2003-36XS ("SECURITIZED TRUST").  Plaintiffs are informed and believe, and thereon allege, that Wilmington Trust Company is a National Banking Association doing business in the County of New Castle State of Delaware, and is the purported Trustee for SECURITIZED TRUST and/or a purported participant in the separation of the Note and Mortgage as more particularly described in this Complaint.

11.     Defendant, Structured Asset Securities Corporation ("DEPOSITOR").  Plaintiffs are informed and believe, and thereon allege, that Structured Asset Securities Corporation is a Corporation doing business in the County of New York State of New York.  Plaintiffs are further informed and believe, and thereon allege, that Structured Asset Securities Corporation is the Depositor for SECURITIZED TRUST and/or purported participant in the separation of the Note and Mortgage as more particularly described in this Complaint.

12.     Defendant, Lehman Brothers Holdings, Inc. ("SPONSOR") is a Corporation doing business in the County of New York State of New York.  Plaintiffs are informed and believe, and

thereon allege, that Lehman Brothers Holdings, Inc. is the purported Sponsor of SECURITIZED TRUST and/or a purported participant in the separation of the Note and Mortgage as more particularly described in this Complaint.

13.     Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Loan.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and thereon allege, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

14.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the Defendants were the agents, employees, servants, and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint-venture.

## BACKGROUND

15.     This is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general, and punitive damages.

16.     Plaintiffs dispute the title and ownership of the Loan, which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership of Plaintiffs' mortgage Note and/or Mortgage, have unlawfully sold, assigned, and/or transferred their ownership and security interest in the Promissory Note and/or Mortgage collateralized by the Property, and thus, do not have lawful ownership or a security interest in Plaintiffs' Loan which is described in detail herein.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

17.     Additionally, Plaintiffs bring causes of action against all Defendants for Fraud in the Concealment, Fraud in the Inducement, Quiet Title, Breach of Duty of Good Faith and Fair Dealing, Violation of RESPA, Breach of Contract, Fraudulent Misrepresentation, Violation of HOEPA, Lack of Standing/Wrongful Foreclosure, Slander of Title, Negligent Infliction of Emotional Distress, Negligence, and Dual Tracking upon the facts and circumstances surrounding Plaintiffs' original Loan transaction and subsequent securitization.  Defendants' violations of these laws are additional reasons this Court should quiet title and award damages, contractual rescission, declaratory judgment, and injunctive relief as requested below.

18.     Plaintiffs allege that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment, and ownership of Plaintiffs' original Promissory Note and Mortgage, resulting in imperfect security interests and claims.

19.     Plaintiffs further alleges that Defendants, and each of them, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and/or proper assignment of the Mortgage herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Loan.  Defendants, and each of them, do not have the ability to establish that the Mortgage that secures the indebtedness, or Note, were legally or properly acquired.

20.     Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiffs and Defendants, and each of them.  Plaintiffs desire a judicial determination and declaration of their rights with regard to the Property and the corresponding Promissory Note and Mortgage.

21.     Plaintiffs also seek redress from Defendants identified herein for damages, and for other injunctive relief, based on:

   a.   An invalid and unperfected security interest in Plaintiffs' Note hereinafter described, and;

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

      b.  An incomplete and ineffectual perfection of a security interest in Plaintiffs' Loan.

## FACTUAL ALLEGATIONS

22.     On or about August 18, 2003, Plaintiffs signed a Promissory Note in favor of Originator, Lehman Brothers Bank, F.S.B., by obtaining a mortgage loan in the amount of $460,000.00 dollars ($460,000.00) secured by Plaintiffs' principal residence, the Property.  This Note was secured by a Mortgage on the Property.  Plaintiffs' Mortgage identified Originator as the Lender MERS as the Mortgagee.  A true and correct copy of the Note is attached hereto as Exhibit A.

23.     Only Plaintiff Richard Lewis signed the note, and Originator, Lehman Brothers Bank, F.S.B. did not secure Plaintiff Trina Lewis' signature on the note.

24.     Plaintiffs' Mortgage was recorded with the Montgomery County Recorder's Office on December 3, 2003, Instrument # 2003-632309 BK 10888 PG 1602.  A true and correct copy of the Mortgage is attached hereto as Exhibit B.

25.     On March 3, 2003 an Assignment of Mortgage was recorded with the Montgomery County Recorder's Office, Instrument 2014-12536, BK 13753 PG 204.  In this Assignment, CitibankMortgage, Inc., Servicer, assigned the mortgage to Wilmington Trust Company as Trustee for The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS, the Securitized Trust.  The document was signed on February 19, 2014, by Charlie Thomas as Document Control officer of CitiMortgage, Inc.  The closing date of the identified trust was October 20, 2003, according to the trust's Prospectus Supplement.  Charlie Thomas, an employee of Servicer, Citibank Mortgage, Inc., is an unauthorized party to sign this Assignment of Mortgage because the only rightful party that can place assets into the trust pursuant to investor offering and SEC governing documents is Depositor, Structured Asset Securities Corporation.  Moreover, Charlie Thomas signed the Assignment of Mortgage ten years and five months after the note was placed into The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS trust.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

26.     On August 8, 2015, a Notice of Sale was recorded in the Official Records, Montgomery County, with an unknown instrument number.  The Trustee was Jessica N. Manis according to the Voluntary Lien Report.

27.     Plaintiffs filed Requests for Mortgage Assistance ("RMA") at least five times.  Plaintiffs sent mortgage assistance documents on or around the following dates.  February 22, 2016; July 15, 2015; December 13, 2014; September 24, 2013; December 6, 2012; December 28, 2011.  Without reasonable explanation, these requests by Plaintiff were denied.  Therefore, to date, Defendants have not provided an adequate response to the Qualified Written Request's of Plaintiffs or their counsel.

28.     Plaintiffs' RMA's indicated that Plaintiffs experienced several hardships, including loss of Plaintiff Richard Lewis' job in 2009, the concurrent decline in the travel agency business owned and operated by Plaintiff Trina Lewis; and the care expenses associated with Plaintiffs' children who suffer from autism and mental issues, all of which have created a greater financial difficulty for Plaintiffs in their repayment of the Loan.  Plaintiff Richard Lewis obtained suitable, gainful employment in October 2011, and this prompted Plaintiffs to pursue the aforementioned string of RMA's.

29.     At one point, Servicer, CitiMortgage, Inc., increased Plaintiffs' monthly payment on the mortgage, which had a term of 30 years and a rate of 5.125 % interest rate, up to approximately $10,000.00 per month.  CitiMortgage, Inc. claimed that this monthly payment amount was necessary after Plaintiffs missed mortgage payments during their hardship periods, requiring CitiMortgage, Inc. to pay some taxes on the property.  This payment amount was not continued by CitiMortgage, Inc., after Plaintiffs inquired and complained about the increase.  CitiMortgage, Inc. returned the monthly payment to approximately Plaintiffs' usual amount.

30.     To date, Plaintiffs are unaware of any involvement from Defendant Citibank, N.A. in regard to any ownership interest in their Loan.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

31.     Upon information and belief, none of the Defendants are in possession of the original Note, and therefore, none of the Defendants can be a holder of the note or a holder in due course. Without status of Noteholder, none of the Defendants can enforce a lien against the Property.

32.     Plaintiffs executed a series of documents, including but not limited to a Note and Mortgage, securing the Loan in the amount of the Note.

33.     Plaintiffs also allege that the Note was secured by the Mortgage.  Plaintiffs allege that as of the date of this filing of this Complaint, the Mortgage had not been properly assigned to any other party or entity.

34.     Plaintiffs are informed and believe, and thereon allege, that Wilmington Trust Company as Trustee for  The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS trust, the Securitized Trust,  alleges that it is the "Holder and owner" of the Note and the Mortgagee of the Mortgage.  However, the Mortgage identifies Originator, Lehman Brothers Bank, F.S.B. as Lender and Mortgagee.

35.     Plaintiffs are further informed and believe, and thereon allege, that at all times relevant, any assignment of a Mortgage without proper transfer of the obligation that it secures is a legal nullity.

36.     In order for any Defendant to have a valid and enforceable secured claim against Plaintiffs' Note, the party claiming the right to foreclose must prove and certify to all parties that it can demonstrate that it had perfected its security interest in Plaintiffs' Loan that is the subject of this action.  Therefore, if Defendants, and each of them, did not hold and possess the original Note and Mortgage to the Property, they are estopped and precluded from asserting any secured or unsecured claim, through their agents or otherwise.

37.     Plaintiffs are informed and believe, and thereon allege, that unbeknownst to Plaintiffs, Originator, Lehman Brothers Bank, F.S.B., illegally, deceptively, and/or otherwise unjustly

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

qualified Plaintiffs for a loan which Lehman knew or should have known that Plaintiffs could not qualify for or afford. Consequently, Originator sold Plaintiffs a loan product that it knew or should have known would likely be unable to be fully paid back by Plaintiffs. Originator ignored longstanding economic principles of underwriting and instead knowingly, liberally, and with disregard for Plaintiffs' rights sold Plaintiff a deceptive loan product.

38.     There was an improper, self-enriching determination of the ability of the Plaintiffs to repay the Loan, with complete disregard for the Guidance Letters issued by Federal Agencies and even Federal and State Law, which permanently damaged the Plaintiffs.

39.     As licensed professionals required to carry professional liability insurance, Defendants, and each of them, bore a duty to fully and clearly explain this complex and sophisticated mortgage loan transaction and to educate the Plaintiffs about all of the factors involved.

40.     Additionally, Plaintiffs, who are unsophisticated investors, relied on Originator, Lehman Brothers Bank, F.S.B. to explain the workings of the entire sophisticated mortgage loan transaction, how the rates, finance charges, costs, and fees were computed, the inherent volatility of the loan products provided by Originator, and the risks involved with the transaction. Plaintiffs allege that any Defendant asserting any right, interest, or claim in Plaintiffs' Loan has assumed responsibility for such disclosures from Originator. Plaintiffs further allege that Originator and the remaining Defendants failed to explain this sophisticated transaction completely.

41.     The purpose of entering into the above-described mortgage loan transaction was for Plaintiffs to eventually own the Property. That purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' combined actions as alleged herein.

## COUNT I
## FRAUD IN THE CONCEALMENT

42.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

43.     Defendants, and each of them, concealed the fact that the Loan was securitized as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements; and (3) existence of Acquisition Provisions. By concealing the securitization, Defendants, and each of them, concealed the fact that Plaintiffs' Loan changed in character inasmuch as no single party would hold the Note but rather the Note would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the Loan in this way had a materially negative effect on Plaintiff that was known by Defendants, and each of them, but not disclosed.

44.     Defendants, and each of them, knew or should have known that had the truth been disclosed, Plaintiffs would not have entered into the Loan.

45.     Defendants, and each of them, intended to induce Plaintiffs based on these misrepresentations and improper disclosures.

46.     Plaintiffs' reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiffs could have been alerted to issues of concern. Plaintiffs would have known of Defendants' true intentions and profits from the proposed risky loan. Plaintiffs would have known that the actions of Defendants, and each of them, would have an adverse effect on the value of Plaintiffs' Property.

47.     Defendants' failure to disclose the material terms of the transaction induced Plaintiffs to enter into the Loan and accept the services as alleged herein.

48.     Defendants, and each of them, were aware of the misrepresentations and profited from them.

49.     As a direct and proximate result of the misrepresentations and concealment, Plaintiffs were damaged in the amount to be proven at trial, including but not limited to costs of the Loan,

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

damage to Plaintiffs' financial security, emotional distress, and all of the Plaintiffs' incurred costs and attorney's fees.

50.     Defendants, and each of them, are guilty of malice, fraud, and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendants, and each of them, and to defer them from engaging in future misconduct.

<div align="center"><b><u>PRAYER FOR RELIEF</u></b></div>

WHEREFORE, Plaintiffs respectfully requests judgment to be entered against Defendants for the following:

1.     For Compensatory Damages in an amount as determined by proof at trial;

2.     For Special Damages in an amount as determined by proof at trial;

3.     For General Damages in an amount as determined by proof at trial;

4.     For Punitive Damages as allowed by law;

5.     For Injunctive Relief, including but not limited to a Stay of the foreclosure process for the duration of the life of this Complaint; and

6.     For Restitution as allowed by law.

<div align="center"><b>COUNT II<br>FRAUD IN THE INDUCEMENT</b></div>

51.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

<div align="center">12<br><b>PLAINTIFFS' COMPLAINT</b></div>

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

52.     Defendants and each of them, intentionally misrepresented to Plaintiffs those Defendants are entitled to payment under the Note.  In fact, Defendants, and each of them, are not entitled to payment and have no legal, equitable, or actual beneficial interest whatsoever in the Note.

53.     Defendants, and each of them, misrepresented that they are the "holder and owner" of the Note and the Mortgagee of the Mortgage. However, this was not true and was a misrepresentation of material fact. Documents state that the original lender, Defendant, Lehman Brothers Bank, F.S.B., allegedly sold the mortgage loan to Defendant Trustees Citibank, N.A and Wilmington Trust Company on behalf of SECURITIZED TRUST. However, there is no public recordation demonstrating that Defendant Trustees have acquired, for itself or on behalf of SECURITIZED TRUST, an ownership interest in the Note or Mortgage, or both.  Defendants, and each of them, are therefore attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in.

54.     Defendants' failure to disclose the material terms of the transaction induced Plaintiffs to enter into the Loan and accept the services as alleged herein.

55.     The material misrepresentations were made by Defendants, and each of them, with the intent to cause Plaintiffs to reasonably rely on the misrepresentation in order to induce the Plaintiffs to rely on the misrepresentations and collect payment on the Note. These material misrepresentations were made with the purpose of initiating the securitization process as illustrated above, in order to profit from the sale of the Note by selling the Note to sponsors who then pool the Note and sell it to investors on Wall Street and other investment banks.

56.     Defendants, and each of them, were aware of the misrepresentations and profited from them.

57.     As a direct and proximate result of the misrepresentations and concealment, Plaintiffs were damaged in the amount to be proven at trial, including but not limited to costs of the Loan, damage to Plaintiffs' financial security, emotional distress, and all of Plaintiffs' incurred costs and attorney's fees.

58.     Defendants, and each of them, are guilty of malice, fraud, and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendants, and each of them, and to deter them from engaging in future misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment to be entered against Defendants for the following:

1.     For Compensatory Damages in an amount as determined by proof at trial;

2.     For Special Damages in an amount as determined by proof at trial;

3.     For General Damages in an amount as determined by proof at trial;

4.     For Punitive Damages as allowed by law;

5.     For Injunctive Relief, including but not limited to a Stay of the foreclosure process for the duration of the life of this Complaint; and

6.     For Restitution as allowed by law.

## COUNT III
## QUIET TITLE

59.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

60.     Plaintiffs' title to the Property is derived as follows: On August 18, 2003, Plaintiffs entered into a consumer credit transaction with Originator, Lehman Brothers Bank, F.S.B. by obtaining a mortgage loan in the amount of four hundred and sixty thousand dollars ($460,000.00) secured by Plaintiffs' principal residence, the Property.  MERS is the nominee,

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

serving as the beneficiary of the security interest of a Security Deed for Lehman Brothers Bank, F.S.B.

61.     The Mortgage was recorded with the Montgomery County Recorder of Deeds on December 3, 2003.

62.     Plaintiffs are informed and believe, and thereon allege, that all Defendants named herein claim an interest and estate in the Property adverse to Plaintiffs in that Defendants, and each of them, assert they are the owner of the Note secured by the Mortgage.

63.     Plaintiffs are informed and believe, and thereon allege, that all Defendants named herein claim an interest and estate in the Property adverse to Plaintiffs in that Defendants, and each of them, assert they are the owner of the Mortgage securing the Note.

64.     Plaintiffs are informed and believe, and thereon allege, that no documentation has been or can be produced by any Defendant Trustees Wilmington Trust Company and Citibank, N.A. demonstrating that any Defendant was the valid purchaser in a True Sale of the Note from the original lender, Lehman Brothers Bank, F.S.B., or any other entity that became the rightful Noteholder of the Note.

65.     Plaintiffs are further informed and believe, and thereon allege, that the failure to demonstrate the rightful Noteholder further clouds Plaintiffs' title to the Property and raises questions as to the rights, claims, or interests of the Defendants, and each of them.

66.     The claims of all Defendants herein named, and each of them, are without any right whatsoever, and Defendants, and each of them, have no right, estate, title, lien, or interest in or to the Property, or any part of the Property.

67.     On March 3, 2003 an Assignment of Mortgage was recorded with the Montgomery County Recorder's Office, Instrument 2014-12536, BK 13753 PG 204.   In this Assignment,

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

CitibankMortgage, Inc., Servicer, assigned the mortgage to Wilmington Trust Company as Trustee for The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS, the SECURITIZED TRUST. The document was signed on February 19, 2014, by Charlie Thomas as Document Control officer of CitiMortgage, Inc. The closing date of the identified trust was October 20, 2003, according to the SECURITIZED TRUST's Prospectus Supplement. Charlie Thomas, an employee of Servicer, CitibankMortgage, Inc., is an unauthorized party to sign this Assignment of Mortgage because the only rightful party that can place assets into the trust pursuant to investor offering and SEC governing documents is Depositor, Structured Asset Securities Corporation. Moreover, Charlie Thomas signed the Assignment of Mortgage ten years and five months after the note was placed into The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS trust, the SECURITIZED TRUST.

68. Plaintiffs allege, upon information and belief, that all Defendants named herein claim some estate, right, title, lien, or interest in or to the Property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Property.

69. Plaintiffs therefore allege, upon information and belief, that none of the Defendants hold a perfected and secured claim in the Property; and that all Defendants are stopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

70. Plaintiffs respectfully requests this honorable Court issue a decree permanently enjoining Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the Property.

71. Plaintiffs respectfully requests the Court to award Plaintiffs costs of this action, and such other relief as the Court may deem proper.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants for the following:

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs to this action;

7. For Injunctive Relief, including but not limited to a Stay of the foreclosure process for the duration of the life of this Complaint; and

8. For Declaratory Relief, including but not limited to the following Decrees of this Court that;

    a. Plaintiffs are the prevailing party;

    b. The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

    c. The Sponsor has no enforceable secured or unsecured claim against the Note;

    d. The Depositor has no enforceable secured or unsecured claim against the Note;

    e. The Mortgage Originator has no enforceable secured or unsecured claim against the Note;

    f. Determines all adverse claims to the Note in this proceeding

    g. Plaintiffs are entitled to the exclusive possession of the Property;

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

h.  Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

i.  No entity, including but not limited to Defendants, and all persons claiming under them, has any estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

72.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

73.  As parties to the negotiable instrument that is the Note, Plaintiffs and Defendant Lehman Brothers Bank, F.S.B., and any additional Defendants claiming an ownership interest in the Note or agency relationship with an alleged real party in interest, have a mutual obligation to act in good faith as to the satisfaction of the contract.

74.  Prior to the filing of this Complaint, Plaintiffs, approached Defendant, Servicer, CitiMortgage, Inc., on numerous occasions for the purposes of submitting a Request for Mortgage Assistance (RMA). Plaintiffs submitted the RMA's in good faith acknowledging their attempt to enter into a contract which would more accurately reflect the value of the Property.

75.  Defendant Servicer, CitiMortgage, Inc., acting on its own and/or allegedly on behalf of Trustee Defendants Citibank, N.A. and Wilmington Trust Company, has failed to act in good faith in its review of Plaintiffs' RMA. In particular, Servicer and/or Trustees have refused to negotiate with Plaintiffs on the terms of the Note despite several circumstances, including but not limited to the fact that Plaintiffs have suffered additional financial hardships that Plaintiffs have encountered since the execution of the Note.

76.  As a result of Defendants' breach of duty to act in good faith, Plaintiffs have been unable to

obtain assistance in the repayment of the Note, which has caused and continues to cause an undue

financial burden on Plaintiffs.  To demonstrate a lack of good faith on part of Defendants, Plaintiffs

point out that at one point, CitiMortgage, Inc., rather than work with Plaintiffs on their RMA's,

attempted to raise the monthly payment on the mortgage to $10,000.00 per month.

77.      Defendants, and each of them, have acted in bad faith, have been stubbornly uncooperative,

and have put Plaintiffs through unnecessary trouble and expense entitling them to an award of

attorney's fees and costs in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants

for the following:

1.      For Compensatory Damages in an amount as determined by proof at trial;

2.      For Special Damages in an amount as determined by proof at trial;

3.      For General Damages in an amount as determined by proof at trial;

4.      For Punitive Damages as allowed by law;

5.      For Restitution as allowed by law;

6.      For Attorney's Fees and Costs to this action;

7.      For Injunctive Relief as allowed by law ; and

8.      For Declaratory Relief, including but not limited to the following Decrees of this Court

that:

    a.   Plaintiffs are the prevailing party;

    b.   The Trustee of the Trust has no enforceable secured or unsecured claim against the
       Note;

    c.   The Sponsor has no enforceable secured or unsecured claim against the Note;

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

19
**PLAINTIFFS' COMPLAINT**

d.  The Original Lender has no enforceable secured or unsecured claim against the Note;

e.  Determines all adverse claims to the Note in this proceeding;

f.  Plaintiffs are entitled to the exclusive possession of the Property;

g.  Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

h.  Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

**COUNT V**
**VIOLATION OF RESPA, 12 U.S.C. § 2601 ET. SEQ.**

78.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

79.  The Loan to Plaintiffs was a federally regulated mortgage loan as defined in RESPA.

80.  Plaintiffs filed Requests for Mortgage Assistance ("RMA") at least five times.  Plaintiffs sent mortgage assistance documents on or around the following dates.  February 22, 2016; July 15, 2015; December 13, 2014; September 24, 2013; December 6, 2012; December 28, 2011. Without reasonable consideration and explanation, these requests by Plaintiffs were denied. Defendants, and each of them, violated RESPA by failing to respond to the Qualified Written Requests ("QWR") as required.

81.  Because of the refusal by Defendants, and each of them, to respond to the QWR, Plaintiffs have been unable to ascertain specific information about the Loan, including but not limited to a payment history of the Loan, proof of ownership of the Note, and proof that the Note and/or Mortgage were properly sold or assigned, respectively, so that the alleged Noteholder can establish that it is a real party in interest.

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

82.     As a proximate result of Defendants' actions, Plaintiffs have been damaged in an amount not yet ascertained, to be proven at trial.

<div align="center">**PRAYER FOR RELIEF**</div>

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants for the following:

1.      For Compensatory Damages in an amount as determined by proof at trial;

2.      For Special Damages in an amount as determined by proof at trial;

3.      For General Damages in an amount as determined by proof at trial;

4.      For Punitive Damages as allowed by law;

5.      For Restitution as allowed by law;

6.      For Attorney's Fees and Costs to this action;

7.      For Injunctive Relief, including but not limited to a Stay of the foreclosure process for the duration of the life of this Complaint; and

8.      For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.  Plaintiffs are the prevailing party;

    b.  The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

    c.  The Sponsor has no enforceable secured or unsecured claim against the Note;

    d.  The Original Lender has no enforceable secured or unsecured claim against the Note;

    e.  Determines all adverse claims to the Note in this proceeding;

    f.  Plaintiffs are entitled to the exclusive possession of the Property;

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

<div align="center">21
**PLAINTIFFS' COMPLAINT**</div>

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

g.  Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

h.  Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT VI
## BREACH OF CONTRACT

83.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84.  The Plaintiffs and Defendant Originator, Lehman Brothers, F.S.B., have a contractual relationship as evidenced by the Security Deed.

85.  Defendant Originator breached its contractual relationship with Plaintiffs by failing to conduct the foreclosure of the Property fairly.

86.  The foreclosure is invalid because the Defendant Trustees attempting to foreclose on the note do not have a valid title.

87.  In the relevant Assignment of Mortgage, CitibankMortgage, Inc., Servicer, assigned the mortgage to Wilmington Trust Company as Trustee for The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS, the SECURITIZED TRUST.  The document was signed on February 19, 2014, by Charlie Thomas as Document Control officer of CitiMortgage, Inc.  The closing date of the identified trust was October 20, 2003, according to the SECURITIZED TRUST's Prospectus Supplement.  Charlie Thomas, an employee of Servicer, CitibankMortgage, Inc., is an unauthorized party to sign this Assignment

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

of Mortgage because the only rightful party that can place assets into the trust pursuant to investor offering and SEC governing documents is Depositor, Structured Asset Securities Corporation.  Moreover, Charlie Thomas signed the Assignment of Mortgage ten years and five months after the note was placed into The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS trust, the SECURITIZED TRUST.

88.     Defendant, Originator, Lehman Brothers Bank, F.S.B., is the original party to the Mortgage and Note with the Plaintiffs, and Originator took responsibility for the subsequent actions of all other Defendants when Originator directed, adopted, and ratified the actions of the other Defendants. These repeated breaches of contract by Originator have caused Plaintiffs to be damaged.

89.     As damages, Plaintiffs have suffered increased costs associated with the payments towards the mortgage and note, and Plaintiffs have suffered legal fees because they have had to retain two law firms to represent them against the Defendants in regard to this foreclosure action.

90.     Defendant Originator, Lehman Brothers Bank, F.S.B. has acted in bad faith, has been stubbornly litigious and has put Plaintiffs to unnecessary trouble and expense entitling them to an award of attorney's fees and costs in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants for the following:

9.      For Compensatory Damages in an amount as determined by proof at trial;

10.     For Special Damages in an amount as determined by proof at trial;

11.     For General Damages in an amount as determined by proof at trial;

12.     For Punitive Damages as allowed by law;

13.     For Restitution as allowed by law;

14.     For Attorney's Fees and Costs to this action;

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

15.   For Injunctive Relief as allowed by law ; and

16.   For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.   Plaintiffs are the prevailing party;

    b.   The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

    c.   The Sponsor has no enforceable secured or unsecured claim against the Note;

    d.   The Original Lender has no enforceable secured or unsecured claim against the Note;

    e.   Determines all adverse claims to the Note in this proceeding;

    f.   Plaintiffs are entitled to the exclusive possession of the Property;

    g.   Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

    h.   Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT VII
## FRAUDULENT MISREPRESENTATION

91.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.   Defendants, and each of them, concealed the fact that the Loan was securitized as well as the terms of the Securitization Agreements, including, inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements; and (3) existence of Acquisition Provisions.  By concealing the securitization, Defendants, and each of them, concealed the fact that Plaintiffs' Loan changed in character inasmuch as no single party would hold the Note but rather the Note

would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans. Changing the character of the Loan in this way had a materially negative effect on Plaintiffs that was known by Defendants, and each of them, but not disclosed.

93.     Defendants, and each of them, knew or should have known that had the truth been disclosed, Plaintiffs would not have entered into the Loan.

94.     Defendants, and each of them, intended to induce Plaintiffs based on these misrepresentations and improper disclosures.

95.     Plaintiffs' reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiffs could have been alerted to issues of concern. Plaintiffs would have known of Defendants' true intentions and profits from the proposed risky loan. Plaintiffs would have known that the actions of Defendants, and each of them, would have an adverse effect on the value of Plaintiffs' Property.

96.     Defendants' failure to disclose the material terms of the transaction induced Plaintiffs to enter into the Loan and accept the services as alleged herein.

97.     Defendants, and each of them, were aware of the misrepresentations and profited from them.

98.     As a direct and proximate result of the misrepresentations and concealment, Plaintiffs was damaged in the amount to be proven at trial, including but not limited to costs of the Loan, damage to Plaintiffs' financial security, emotional distress, and all of the Plaintiffs' incurred costs and attorney's fees.

99.     Defendants, and each of them, are guilty of malice, fraud, and/or oppression. Defendants' actions were malicious and done willfully in conscious disregard of the rights and

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendants, and each of them, and to defer them from engaging in future misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a Judgment against Defendants, and each of them, for the following relief:

1.    Compensatory Damages in an amount to be determined by proof at trial;

2.    Special Damages in an amount to be determined by proof at trial;

3.    General Damages in an amount to be determined by proof at trial;

4.    Injunctive Relief, including but not limited to a Stay of foreclosure process for the duration of the life of this Complaint; and

5.    Restitution as allowed by law.

## COUNT VIII
## VIOLATION OF HOEPA, 15 U.S.C. § 1639 ET. SEQ., 12 CFR 226.32

100.    Plaintiffs incorporate and reallege all previous paragraphs as though fully restated herein.

101.    Plaintiffs allege that the Loan that is the subject matter of this Complaint was and is a consumer credit transaction within the meaning of HOEPA.

102.    Defendants, and each of them, violated HOEPA by failing to provide Plaintiffs with accurate material disclosures required under HOEPA and not taking into account the intent of the State Legislature in approving this statute, which was to fully inform home buyers of the pros and cons of the transaction in a language, both written and spoken, that they can understand and comprehend; and advise them to compare similar loan products with other lenders. HOEPA also

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

103.    Any and all statutes of limitations to disclosures and notices required pursuant to 15 U.S.C. § 1639, et. seq. were tolled due to Defendants' failure to effectively provide the required disclosures and notices.

104.    As a direct and proximate result of Defendants' conduct, Plaintiffs were and are unable to obtain a loan modification, which has resulted in Plaintiffs being permanently burdened by the fraudulent loan made by Defendants.

105.    An actual controversy now exists between Plaintiffs, who contend they have the right to rescind the Loan on the Property, and based on information and belief, Defendants, and each of them, deny that right.

106.    As a direct and proximate result of Defendants' violations, Plaintiffs have incurred and continues to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the Loan.

107.    Defendants, and each of them, were unjustly enriched at the expense of Plaintiffs who are therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants, and each of them.

108.    Defendants' actions in this matter have been willful, knowing, malicious, fraudulent, and oppressive, entitling Plaintiffs to punitive damages in an amount appropriate to punish Defendants, and each of them, and to deter them from engaging in similar behavior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a Judgment

against Defendants, and each of them, for the following relief:

1.     Compensatory Damages in an amount to be determined by proof at trial;

2.     Special Damages in an amount to be determined by proof at trial;

3.     General Damages in an amount to be determined by proof at trial;

4.     Punitive Damages as allowed by law;

5.     Restitution as allowed by law;

6.     Attorney's Fees and Costs to this action;

7.     Injunctive Relief, including but not limited to a Stay of the foreclosure process for the duration of the life of this Complaint; and

8.     Declaratory Relief, including but not limited to the following Decrees of this Court that:

a.     Plaintiffs are the prevailing party;

b.     The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

c.     The Sponsor has no enforceable secured or unsecured claim against the Note;

d.     The Depositor has no enforceable secured or unsecured claim against the Note;

e.     The Responsible Party has no enforceable secured or unsecured claim against the Note;

f.     Determines all adverse claims to the Note in this proceeding;

g.     Plaintiffs are entitled to the exclusive possession of the Property;

h.     Plaintiffs own in fee simple, and are entitled to the quiet and

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

peaceful possession of the Property; and

i.     Defendants, and each of them, and all persons claiming under them,
       have no estate, right, title, lien, or interest in or to the Note, Property,
       or any part of the Property.

## COUNT IX
## LACK OF STANDING/WRONGFUL FORECLOSURE

109.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully
set forth herein.

110.    An actual controversy has arisen and now exists between Plaintiffs and Defendants
specified hereinabove regarding their respective rights and duties, in that Plaintiffs contend that
Defendants, and each of them, do not have the right to foreclose on the Note because
Defendants, and each of them, have failed to perfect any security interest in the Note, or cannot
prove to the Court they have a valid interest as a real party in interest to foreclose. Thus, the
purported power of sale, or power to foreclose judicially, by the above state Defendants, and
each of them, no longer applies.

111.    Plaintiffs are informed and believe, and thereon allege, that the only individual who has
standing to foreclose is the Noteholder because they have a beneficial interest. The only
individuals who are the Noteholders are the certificate holders of the SECURITIZED TRUST,
The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-
36XS trust, because they are the end users and pay taxes on their interest gains; furthermore, all
of the banks or other entities holding the Note in the middle of the chain of transfers were paid in
full.

112.    As described above, On March 3, 2003, Charlie Thomas, an employee of Servicer,
CitiMortgage, Inc., signed the Assignment of Mortgage assigning the original mortgage to
Trustee Defendants, Citibank, N.A. and Wilmington Trust Company, trustees of The Structured
Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS, the

SECURITZED TRUST. Charlie Thomas was an unauthorized party to sign this Assignment of Mortgage because the only rightful party that can place assets into the trust pursuant to investor offering and SEC governing documents is Depositor, Structured Asset Securities Corporation. Moreover, Charlie Thomas signed the Assignment of Mortgage ten years and five months after the note was placed into The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS trust.

113.    Plaintiffs further contend that the Defendants, and each of them, do not have the right to foreclose on the Note because the Defendants, and each of them, did not properly comply with the terms of Defendants' own securitization requirements contained in the PSA and falsely or fraudulently prepared documents required for Defendants, and each of them, to foreclose as a calculated and fraudulent business practice.

114.    Plaintiffs respectfully request that this Court find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time, because Defendants' actions in the processing, handling, and attempted foreclosure of this loan involved numerous fraudulent, false, deceptive, and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to Defendants, and each of them. Plaintiffs further request that title to the Property remain in their name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation, and deem that any attempted sale of the Property is "unlawful and void."

115.    Defendants, and each of them, through the actions alleged above, have or claim the right to illegally commence foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiffs great and irreparable injury in that real property is unique.

116.    The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

harm to Plaintiffs. Plaintiffs will not have the beneficial use and enjoyment of their Property and will lose the Property.

117.    Plaintiffs have no other plan, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs. Plaintiffs have suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it will be impossible for Plaintiffs to determine the precise amount of damage they will suffer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment to be entered against Defendants, and each of them for the following:

1.    For Compensatory Damages in excess of $25,000 as determined by proof at trial;

2.    For Special Damages in excess of $25,000 as determined by proof at trial;

3.    For General Damages in excess of $25,000 as determined by proof at trial;

4.    For Punitive Damages as allowed by law;

5.    For Restitution as allowed by law;

6.    For Attorney's Fees and Costs to this action;

7.    For Injunctive Relief, including but not limited to a Stay of the foreclosure process for the duration of the life of this Complaint; and

8.    For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.  Plaintiffs are the prevailing party;

    b.  The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

Case# 2016-075560-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

c.  The Sponsor has no enforceable secured or unsecured claim against the Note;

d.  The Co-Sponsor has no enforceable secured or unsecured claim against the Note;

e.  The Original Lender has no enforceable secured or unsecured claim against the Note;

f.  Determines all adverse claims to the Note in this proceeding;

g.  Plaintiffs are entitled to the exclusive possession of the Property;

h.  Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

i.  Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT X
## SLANDER OF TITLE

118.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

119.    Defendants, and each of them, disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencement of foreclosure by a party who does not possess that right.

120.    Said Defendants, and each of them, knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents. Defendants, and each of them, had no right, title, or interest in the Note. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiffs' legal title to the Property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiffs' legal title was made to the world at large.

121.    As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiffs' title to the Property has been disparaged and slandered, and there is a cloud on

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Plaintiffs' title, and Plaintiffs have suffered, and continue to suffer, damages in an amount to be proven at trial.

122.    As described above, On March 3, 2003, Charlie Thomas, an employee of Servicer, CitiMortgage, Inc., signed the Assignment of Mortgage assigning the original mortgage to Trustee Defendants, Citibank, N.A. and Wilmington Trust Company, trustees of The SECURITIZED TRUST, The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS.   Charlie Thomas was an unauthorized party to sign this Assignment of Mortgage because the only rightful party that can place assets into the trust pursuant to investor offering and SEC governing documents is Depositor, Structured Asset Securities Corporation.   Moreover, Charlie Thomas signed the Assignment of Mortgage ten years and five months after the note was placed into The Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-36XS trust.

123.    Since Trustee Defendants Citibank, N.A. and Wilmington Trust Company do not hold valid title to the property, they slandered the title by initiating a foreclosure action in the Court of Common Pleas, Montgomery County, against the Plaintiffs.

124.    As a further proximate result of Defendants' conduct, Plaintiffs have incurred expenses in order to clear title to their Property. Moreover, these expenses are continuing, and Plaintiffs will incur additional charges for such purpose until the cloud on Plaintiffs' title to the Property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

125.    As a further direct and proximate result of Defendants' conduct, Plaintiffs have suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in injuries to their health and well-being, and continue to suffer such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

126.    At the time that the false and disparaging documents were created and published by the Defendants, Defendants, and each of them, knew the documents were false and created and

published them with the malicious intent to injure Plaintiffs and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for their own use by unlawful means.

127.   The conduct of the Defendants in publishing the documents described above was fraudulent, oppressive, and malicious. Therefore, Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish Defendants, and each of them, for their malicious conduct and to deter such misconduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment to be entered against the Defendants, collectively, for the following:

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs to this action;

7. For Injunctive Relief, including but not limited to a vacation of any alleged sale and a stay of any further action related to foreclosure for the duration of the life of this litigation; and

8. For Declaratory Relief, including but not limited to the following Decrees of this Court that;

    a.   Plaintiffs are the prevailing party;

**PLAINTIFFS' COMPLAINT**

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

b.  The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

c.  The Sponsor has no enforceable secured or unsecured claim against the Note;

d.  The Depositor has no enforceable secured or unsecured claim against the Note;

e.  The Original Lender has no enforceable secured or unsecured claim against the Note;

f.  Determines all adverse claims to the Note in this proceeding

g.  Plaintiffs are entitled to the exclusive possession of the Property;

h.  Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

i.  No Defendant, and all persons claiming under them, has any estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

127.  Plaintiffs hereby incorporate by reference as if same were fully set forth at length herein.

128.  The negligence of Defendants have caused Plaintiffs a pecuniary loss resulting in Plaintiffs' mental pain and suffering and damage to Plaintiffs' reputation.

129.  The direct and proximate result of Defendants' negligent and reckless conduct which was of an extreme and outrageous nature, as hereinabove alleged, is that Plaintiffs suffered severe humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body. The Defendants' conduct was so extreme in degree, as to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.

## PRAYER FOR RELIEF

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants for the following:

1. For Compensatory Damages in an amount as determined by proof at trial;

2. For Special Damages in an amount as determined by proof at trial;

3. For General Damages in an amount as determined by proof at trial;

4. For Punitive Damages as allowed by law;

5. For Restitution as allowed by law;

6. For Attorney's Fees and Costs to this action;

7. For Injunctive Relief as allowed by law ; and

8. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a. Plaintiffs are the prevailing party;

    b. The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

    c. The Sponsor has no enforceable secured or unsecured claim against the Note;

    d. The Original Lender has no enforceable secured or unsecured claim against the Note;

    e. Determines all adverse claims to the Note in this proceeding;

    f. Plaintiffs are entitled to the exclusive possession of the Property;

    g. Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

    h. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT XII
## NEGLIGENCE

**PLAINTIFFS' COMPLAINT**

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

130.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

131.    Defendants, and each of them, had a legal duty to exercise reasonable care toward Plaintiffs.

132.    Defendants, and each of them, failed to exercise reasonable care toward Plaintiffs.

133.    The failure of Defendants, and each of them, to exercise reasonable care toward Plaintiffs was the cause in fact of Plaintiffs' physical, mental, and emotional harm.

134.    The physical harm suffered by Plaintiffs resulted in actual damages toward Plaintiffs.

135.    The injury suffered by Plaintiffs was the proximate cause of the actions of Defendants, and each of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants for the following:

1.  For Compensatory Damages in an amount as determined by proof at trial;

2.  For Special Damages in an amount as determined by proof at trial;

3.  For General Damages in an amount as determined by proof at trial;

4.  For Punitive Damages as allowed by law;

5.  For Restitution as allowed by law;

6.  For Attorney's Fees and Costs to this action;

7.  For Injunctive Relief as allowed by law ; and

**PLAINTIFFS' COMPLAINT**

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

8. For Declaratory Relief, including but not limited to the following Decrees of this Court that:

   a. Plaintiffs are the prevailing party;

   b. The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

   c. The Sponsor has no enforceable secured or unsecured claim against the Note;

   d. The Original Lender has no enforceable secured or unsecured claim against the Note;

   e. Determines all adverse claims to the Note in this proceeding;

   f. Plaintiffs are entitled to the exclusive possession of the Property;

   g. Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

   h. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## COUNT XIII
## DUAL TRACKING

136.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

137.    Defendants, and each of them, initiated foreclosure proceedings against Plaintiffs after Plaintiffs had submitted a complete Request for Mortgage Assistance ("RMA") application, but before Defendants, and each of them, provided a complete review and final decision on Plaintiffs' RMA application.

138.    Plaintiffs submitted a complete RMA application after foreclosure proceedings had begun but more than thirty-seven (37) days before the scheduled foreclosure sale date.

139.    Despite this complete submission, Defendants, and each of them, continued with foreclosure proceedings against Plaintiffs.

<div align="center">**PRAYER FOR RELIEF**</div>

WHEREFORE, Plaintiffs respectfully request judgment to be entered against Defendants for the following:

1.  For Compensatory Damages in an amount as determined by proof at trial;

2.  For Special Damages in an amount as determined by proof at trial;

3.  For General Damages in an amount as determined by proof at trial;

4.  For Punitive Damages as allowed by law;

5.  For Restitution as allowed by law;

6.  For Attorney's Fees and Costs to this action;

7.  For Injunctive Relief as allowed by law ; and

8.  For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.  Plaintiffs are the prevailing party;

    b.  The Trustee of the Trust has no enforceable secured or unsecured claim against the Note;

    c.  The Sponsor has no enforceable secured or unsecured claim against the Note;

    d.  The Original Lender has no enforceable secured or unsecured claim against the Note;

    e.  Determines all adverse claims to the Note in this proceeding;

    f.  Plaintiffs are entitled to the exclusive possession of the Property;

    g.  Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property; and

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

h. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the Note, Property, or any part of the Property.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs demand a jury trial in this case.

Respectfully submitted,

*M. Edvard Shprukhman*

M. Edvard Shprukhman, Esq. (Pennsylvania ID 92825)
LAW OFFICES OF M. EDVARD SHPRUKHMAN
8202 Anita Road
Pikesville, MD 21208
Phone: (410) 262-6448
Fax: (443) 725-3108

## VERIFICATION

I, Richard A. Lewis, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.S.4904 relating to unsworn falsification to authorities.

By: *Richard A. Lewis*

Richard A. Lewis

Dated:    4/17/16

40
**PLAINTIFFS' COMPLAINT**

Case# 2016-07556-0 Docketed at Montgomery County Prothonotary on 04/17/2016 8:24 PM, Fee = $270.00

VERIFICATION

I, Trina M. Lewis, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.S.4904 relating to unsworn falsification to authorities.

By: *Trina Lewis*

Trina M. Lewis

Dated:      4/17/16

M. Edvard Shprukhman, Esq. (Pennsylvania ID 92825)
LAW OFFICES OF M. EDVARD SHPRUKHMAN
8202 Anita Road
Pikesville, MD 21208
Phone: (410) 262-6448
Fax: (443) 725-3108
Attorney for Plaintiffs
Richard A. Lewis
and Trina M. Lewis

<div align="center">

IN THE DISTRICT COURT
IN AND FOR MONTGOMERY COUNTY, PENNSYLVANIA

</div>

| | |
|---|---|
| Richard A. Lewis AND<br>Trina M. Lewis, | No. _____2016-07556_____ |
| Plaintiffs, | CIVIL ACTION- LAW |
| v. | |
| Lehman Brothers Bank, F.S.B.<br>1000 N. West. St.<br>Wilmington, DE 19801; | |
| c/o: Prentice-Hall Corporation System, Inc.<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110; | |
| Mortgage Electronic Registration Systems,<br>Inc.<br>912 Greene Countrie Drive<br>West Chester, PA 19380; | |
| CitiMortgage, Inc.<br>1000 Technology Drive<br>O'Fallon, MO 63368; | |
| c/o: C T Corporation System<br>116 Pine Street<br>Suite 320<br>Harrisburg, PA 17101; | |
| Citibank, N.A.<br>399 Park Avenue<br>New York, NY 10022; | |

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00

Wilmington Trust Company
1100 North Market Street
Wilmington, DE 19801;

c/o: Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110;

Structured Asset Securities Corporation
3 World Financial Center
New York, NY 10285;

Lehman Brothers Holdings, Inc.
1271 Avenue of the Americas, Ste. C2
New York, NY 10020;

Prentice Hall Corporation System, Inc.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110;

Aurora Loan Services, Inc.
10350 Park Meadows Dr. #200
Lone Tree, CO 80124;

c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110;

and Does 1-100

                    Defendants.

## AFFIDAVIT OF SERVICE

I certify that on April 25, 2016, a true copy of the foregoing Plaintiff's Complaint and Demand For Jury Trial and Plaintiff's Emergency Motion For Preliminary Injunction has been served upon:

        Citibank, N.A.
        399 Park Avenue
        New York, NY 10022

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00

c/o: C T Corporation System
116 Pine Street
Suite 320
Harrisburg, PA 17101


Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

c/o: Prentice-Hall Corporation System, Inc.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

Mortgage Electronic Registration Systems, Inc.
912 Greene Countrie Drive
West Chester, PA 19380


Structured Asset Securities Corporation
3 World Financial Center
New York, NY 10285

Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110


Manner of Service:

_____ Regular First Class Mail

_____X_____ Certified Mail

_____ Other (specify) : _____



Respectfully submitted,

Date: May 11, 2016

*M. Edvard Shprukhman*

M. Edvard Shprukhman, Esq. (Pennsylvania ID 92825)
LAW OFFICES OF M. EDVARD SHPRUKHMAN
8202 Anita Road
Pikesville, MD 21208
Phone: (410) 262-6448
Fax: (443) 725-3108

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00



**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

B. Received by (Printed Name)     C. Date of Delivery

☐ Address

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

CT Corporation System
116 Pine Street Suite 320
Harrisburg, PA 17101

8. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7014 1820 0001 8554 2765

PS Form 3811, July 2013     Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

HARRISBURG, PA

Postage  $3.33

Certified Fee  $2.70

Return Receipt Fee
(Endorsement Required)  $0.00

Restricted Delivery Fee
(Endorsement Required)  $0.00

Total Postage & Fees  $2.

Sent To  CT Corporation System

Street & Apt. No., or PO Box No.  116 Pine Street Suite 320

City, State, ZIP+4  Harrisburg PA 17101

PS Form 3800, July 2014     See Reverse for Instructions

7014 1820 0001 8554 2765

04/22/2016

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

1. Article Addressed to:

Citibank, N.A.
399 Park Avenue
New York, NY 10022

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail®      ☐ Priority Mail Express™
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article (Transfer) 7014 1820 0001 8554 2772

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

NEW YORK, NY 10022

Postage        $3.30
Certified Fee  $2.70
Return Receipt Fee
(Endorsement Required)  $0.00
Restricted Delivery Fee
(Endorsement Required)  $0.00
              $2.61
Total Postage & Fees  $  $8.4

Sent To Citibank, N.A.
Street & Apt. No., 399 Park Avenue
or PO Box No.
City, State, ZIP+4 New York, NY 10022

PS Form 3800, July 2014          See Reverse for Instructions

7014 1820 0001 8554 2772

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

X  *Keller Conekin*  ☐ Agent  ☐ Addressee

B. Received by (*Printed Name*)  *Kelley Conekin*   C. Date of Delivery  9/25/14

1. Article Addressed to:

*Corporation Service Company*
*2595 Interstate Drive Suite 103*
*Harrisburg PA 17110*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
   (*Transfer from service label*)   7014 1820 0001 8554 2789

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

HARRISBURG, PA 17110

Postage $ $3.30

Certified Fee $2.70

Return Receipt Fee (Endorsement Required) $0.00

Restricted Delivery Fee (Endorsement Required) $2.41

Total Postage & Fees $ $8.41

Sent To *Corporation Service Company*
Street, Apt. No.; or PO Box No. *2595 Interstate Drive Suite 103*
City, State, ZIP+4 *Harrisburg PA 17110*

PS Form 3800, July 2014          See Reverse for Instructions

7014 1820 0001 8554 2789

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Structured Assets
    Securities corporation
3 World Financial Center
New York, NY 10285

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from      7014 1820 0001 8554 2796

PS Form 3811, July 2013          Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

NEW YORK, NY 10285

| | |
|---|---|
| Postage | $3.30 |
| Certified Fee | $2.70 |
| | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $2.41 |
| | $8.61 |

Sent To
Structured Asset Securities Corporation
Street & Apt. No., or PO Box No.
3 World Financial Center
City, State, ZIP+4
New York, NY 10285

7014 1820 0001 8554 2796

PS Form 3800, July 2014        See Reverse for Instructions



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Prentice Hall Corportin System, Inc.
2595 Interstate Drive, Suite 103
Harisburg, PA 17110

7014 1820 0001 8554 2802

(Transfer from service)

PS Form 3811, July 2013    Domestic Return Receipt

A. Signature
X Kelley Cokel    ☐ Agent
                  ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Kelley Cokefer            4/25/16
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail®        ☐ Priority Mail Express™
☐ Registered             ☒ Return Receipt for Merchandise
☐ Insured Mail           ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)            ☐ Yes

---

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

HARRISBURG PA 17110    TOWSON FINANCE

Postage  $0

Certified Fee    $0.00
Return Receipt Fee
(Endorsement Required)    $0.00
Restricted Delivery Fee
(Endorsement Required)    $0.00

Total Postage & Fees    $2.
                        $8.

Sent to  Prentice Hall Corporation System, Inc.
Street & Apt. No.,
or PO Box No.  2595 Interstate Drive Suite 103
City, State, ZIP+4  Harrisburg PA 17110

USPS 21285    04/22/2016    21 2016

PS Form 3800, July 2014    See Reverse for Instructions

7014 1820 0001 8554 2802

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company

2595 Interstate Drive,

Suite 103

Harrisburg, PA 17110

X Kelley Cokefair   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Kelley Cokefair   4/25/15

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from s    7014 1820 0001 8554 2734

PS Form 3811, July 2013   Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

HARRISBURG, PA 171U

7014 1820 0001 8554 2734

Postage   $
Certified Fee   $0.00
Return Receipt Fee
(Endorsement Required)   $0.00
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees   $

04/22/2016

Sent To
Corporation Service Company
Street & Apt. No.,
or PO Box No.   2595 Interstate Drive, Suite 103
City, State, ZIP+4   Harrisburg, PA 17110

PS Form 3800, July 2014   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Prentice-Hall Corporation System, Inc.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kelley Cokefair ☐ Agent ☐ Addressee

B. Received by (Printed Name) Kelley Cokefair

C. Date of Delivery 4/25/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
7014 1820 0001 8554 2741

PS Form 3811, July 2013 Domestic Return Receipt

7014 1820 0001 8554 2741

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

HARRISBURG, PA 17110

| | | |
|---|---|---|
| Postage | $ | $3.30 |
| Certified Fee | | $0.00 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $2.41 |
| Total Postage & Fees | $ | $8.41 |

0035 09

Postmark Here

TOWSON FINANCE
APR 21 2016
04/21/2016

Sent To Prentice-Hall Corporation System, Inc.
Street & Apt. No., or PO Box No. 2595 Interstate Drive, Suite 103
City, State, ZIP+4 Harrisburg, PA 17110

PS Form 3800, July 2014 See Reverse for Instructions

Case# 2016-07556-1 Docketed at Montgomery County Prothonotary on 05/11/2016 10:11 AM, Fee = $0.00





**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

RICHARD LEWIS

vs.

LEHMAN BROTHERS BANK FSB

NO. 2016-07556

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter my appearance for

AURORA COMMERCIAL CORP., SUCCESSOR ENTITY BY MERGER TO AURORA
BANK FSB F/K/A LEHMAN BROTHERS BANK, F.S.B., AURORA LOAN SERVICES LLC,
~~IMPROPERLY PLEAD AS AURORA LOAN SERVICES, INC., LEHMAN BROTHERS~~

in the above case.

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY

Date:   05/13/2016

Signature

MATTHEW EYET

Filing Party

317312

ID Number

SANDELANDS EYET LLP

Firm Name

1545 U.S. HWY 206, SUITE 304

Address

BEDMINSTER , NJ 07921

908-470-1200

Phone

Case# 2016-07556-2 Docketed at Montgomery County Prothonotary on 05/13/2016 4:10 PM, Fee = $0.00

Case# 2016-07556-2 Docketed at Montgomery County Prothonotary on 05/13/2016 4:10 PM, Fee = $0.00

**SANDELANDS EYET LLP**
Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200
*Attorneys for Defendants Lehman Brothers Bank, F.S.B., Structured Asset Securities*
*Corporation, Lehman Brothers Holdings, Inc., and Aurora Loan Services, Inc.*

| | |
|---|---|
| RICHARD A. LEWIS and TRINA M. LEWIS,<br><br>                     Plaintiffs,<br><br>      v.<br><br>LEHMAN BROTHERS BANK, F.S.B, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIMORTGAGE, INC., CITIBANK, N.A., WILMINGTON TRUST COMPANY, STRUCTURED ASSET SECURITIES CORPORATION, LEHMAN BROTHERS HOLDINGS, INC., PRENTICE HALL CORPORATION SYSTEM, INC., AURORA LOAN SERVICES, INC., and Does 1-100,<br><br>                   Defendants. | IN THE COURT OF COMMON PLEAS<br><br>OF MONTGOMERY COUNTY<br><br>CIVIL DIVISION<br><br>No. 2016-07556 |

**ENTRY OF APPEARANCE**

**TO THE PROTHONOTARY:**

      Kindly enter the appearance of Matthew T. Eyet, Esq. as counsel on behalf of the following

defendants in the above-captioned matter:

1. Aurora Commercial Corp., successor entity by merger to Aurora Bank FSB f/k/a Lehman Brothers Bank, F.S.B. ("ACC");

2. Aurora Loan Services LLC, improperly plead as Aurora Loan Services, Inc. ("ALS");

3. Lehman Brothers Holdings, Inc.; and

4. Structured Asset Securities Corporation.

Respectfully submitted,
**SANDELANDS EYET LLP**
*Attorneys for Defendants Lehman Brothers Bank,*
*F.S.B., Structured Asset Securities Corporation,*
*Lehman Brothers Holdings, Inc., and Aurora Loan*
*Services, Inc.*

Dated: May 13, 2016        By: _____

Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200

**SANDELANDS EYET LLP**
Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200
*Attorneys for Defendants Lehman Brothers Bank, F.S.B., Structured Asset Securities*
*Corporation, Lehman Brothers Holdings, Inc., and Aurora Loan Services, Inc.*

| | |
|---|---|
| RICHARD A. LEWIS and TRINA M. LEWIS,<br><br>        Plaintiffs,<br><br>    v.<br><br>LEHMAN BROTHERS BANK, F.S.B, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIMORTGAGE, INC., CITIBANK, N.A., WILMINGTON TRUST COMPANY, STRUCTURED ASSET SECURITIES CORPORATION, LEHMAN BROTHERS HOLDINGS, INC., PRENTICE HALL CORPORATION SYSTEM, INC., AURORA LOAN SERVICES, INC., and Does 1-100,<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS<br><br>OF MONTGOMERY COUNTY<br><br>CIVIL DIVISION<br><br>No. 2016-07556 |

## SUGGESTION OF BANKRUPTCY STATEMENT

Chapter 11 Case #08-13555: Lehman Brothers Holdings Inc.

Matthew T. Eyet, Esq. as counsel on behalf of Defendant, Lehman Brothers Holdings Inc.

is requesting this Defendant to be removed from this civil lawsuit.  Lehman Brothers Holdings

Case# 2016-07556-3 Docketed at Montgomery County Prothonotary on 05/13/2016 4:12 PM, Fee = $0.00

Inc. is in Bankruptcy Court. Lehman Brothers Holdings Inc. filed for Chapter 11 Bankruptcy on September 15, 2008.

<div style="text-align: right;">

Respectfully submitted,

**SANDELANDS EYET LLP**
*Attorneys for Defendants Lehman Brothers Bank, F.S.B., Structured Asset Securities Corporation, Lehman Brothers Holdings, Inc., and Aurora Loan Services, Inc.*

</div>

Dated:  May 13, 2016                    By:

Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200

Case# 2016-07556-3 Docketed at Montgomery County Prothonotary on 05/13/2016 4:12 PM, Fee = $0.00

Case# 2016-07556-4 Docketed at Montgomery County Prothonotary on 05/13/2016 4:14 PM, Fee = $0.00

**SANDELANDS EYET LLP**
Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200
*Attorneys for Defendants Lehman Brothers Bank, F.S.B., Structured Asset Securities*
*Corporation, Lehman Brothers Holdings, Inc., and Aurora Loan Services, Inc.*

| | |
|---|---|
| RICHARD A. LEWIS and TRINA M. LEWIS, | IN THE COURT OF COMMON PLEAS |
| Plaintiffs, | OF MONTGOMERY COUNTY |
| | CIVIL DIVISION |
| v. | No. 2016-07556 |
| LEHMAN BROTHERS BANK, F.S.B, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIMORTGAGE, INC., CITIBANK, N.A., WILMINGTON TRUST COMPANY, STRUCTURED ASSET SECURITIES CORPORATION, LEHMAN BROTHERS HOLDINGS, INC., PRENTICE HALL CORPORATION SYSTEM, INC., AURORA LOAN SERVICES, INC., and Does 1-100, | |
| Defendants. | |

## SUGGESTION OF BANKRUPTCY STATEMENT

Chapter 11 Case #09-10558: Structured Asset Securities Corporation

Matthew T. Eyet, Esq. as counsel on behalf of Defendant, Structured Asset Securities Corporation is requesting this Defendant to be removed from this civil lawsuit.  Structured Asset

Securities Corporation is in Bankruptcy Court. Structured Asset Securities Corporation filed for Chapter 11 Bankruptcy on February 9, 2009.

Respectfully submitted,

**SANDELANDS EYET LLP**
*Attorneys for Defendants Lehman Brothers Bank,*
*F.S.B., Structured Asset Securities Corporation,*
*Lehman Brothers Holdings, Inc., and Aurora Loan*
*Services, Inc.*

Dated:  May 13, 2016                By:

Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200

Case# 2016-07556-5 Docketed at Montgomery County Prothonotary on 05/13/2016 4:18 PM, Fee = $0.00

**SANDELANDS EYET LLP**
Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200
*Attorneys for Defendants Lehman Brothers Bank, F.S.B., Structured Asset Securities*
*Corporation, Lehman Brothers Holdings, Inc., and Aurora Loan Services, Inc.*

| | |
|---|---|
| RICHARD A. LEWIS and TRINA M. LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>LEHMAN BROTHERS BANK, F.S.B, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CITIMORTGAGE, INC., CITIBANK, N.A., WILMINGTON TRUST COMPANY, STRUCTURED ASSET SECURITIES CORPORATION, LEHMAN BROTHERS HOLDINGS, INC., PRENTICE HALL CORPORATION SYSTEM, INC., AURORA LOAN SERVICES, INC., and Does 1-100,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br><br>OF MONTGOMERY COUNTY<br><br>CIVIL DIVISION<br><br>No. 2016-07556 |

## CERTIFICATION OF SERVICE

I, Matthew T. Eyet, Esq. hereby certify that a true and correct copy of the Entry of

Appearance of Defendants ACC, ALS, Lehman Brothers Holdings Inc. and Structured Asset

Case# 2016-07556-5 Docketed at Montgomery County Prothonotary on 05/13/2016 4:18 PM, Fee = $0.00

Securities Corporation and Suggestions of Bankruptcy for Defendants Lehman Brothers Holdings

Inc. and Structured Asset Securities Corporation have been served upon the following persons:

M. Edvard Shprukhman, Esq.
Law Offices of M. Edvard Shprukhman
8202 Anita Road
Pikesville, MD 21208

Via FedEx Overnight Delivery on May 13, 2016.

Respectfully submitted,
**SANDELANDS EYET LLP**
*Attorneys for Defendants Lehman Brothers Bank,*
*F.S.B., Structured Asset Securities Corporation,*
*Lehman Brothers Holdings, Inc., and Aurora Loan*
*Services, Inc.*

Dated:  May 13, 2016            By:

Matthew T. Eyet, Esq.
Pa. Supreme Court Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
908-470-1200