IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. LEWIS and | : | CIVIL ACTION |
| TRINA M. LEWIS | : | |
| | : | |
| v. | : | |
| | : | |
| CITIBANK, N.A., et al. | : | NO. 16-2607 |

<u>MEMORANDUM</u>

Dalzell, J.                                            August 31, 2016

## I.    <u>Introduction</u>

      We consider here defendants Citibank, N.A., CitiMortgage, Inc. (hereinafter collectively referred to as "Citi"), Wilmington Trust Company, and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss plaintiffs' complaint. Plaintiffs assert thirteen claims against the defendants stemming from the foreclosure on their home.

      While the parties have not briefed the issue in depth, we must first ask whether we have subject matter jurisdiction over plaintiffs' claims. If we find that we have such jurisdiction, we will then consider the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, we will dismiss some of plaintiffs' claims for lack of subject matter jurisdiction and will dismiss the remainder of their claims against the moving defendants as precluded by <u>res judicata</u>.

## II.    <u>Standard of Review</u>

      Subject matter jurisdiction is not waivable, and thus federal courts "have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 76-77 (3d Cir. 2003). The common sense extension of this principle is that courts

can raise subject matter jurisdiction concerns sua sponte.  Id.  When examining whether it has jurisdiction, "a court may inquire into the jurisdictional facts without viewing the evidence in a light favorable to either party."  Id.

A defendant moving to dismiss under Fed R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief.  See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

As the Supreme Court stressed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action…do not suffice."  Id.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.  The Court further notes that analyzing claims is a "context-specific task" that requires judges to use their "judicial experience and common sense" when ultimately deciding whether or not a plaintiff has pled sufficient factual content to plausibly state a claim for relief.  Iqbal, 556 U.S. at 679.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

2

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).  In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the complaint and in the public record.

### III.   Factual and Procedural History

This case arises out of a mortgage foreclosure action defendant Wilmington Trust brought against plaintiffs in the Court of Common Pleas of Montgomery County, Pennsylvania.  See Wilmington Trust Co. v. Lewis, et al., No. 2014-09942 (Pa. Ct. Com. Pl. 2014) (hereinafter referred to as the "State Court Action").  Wilmington Trust filed its Complaint in Mortgage Foreclosure against Trina and Richard Lewis on May 5, 2014, id. at docket entry # 0, and Trina and Richard Lewis responded with an Answer and New Matter on May 21, 2014.  Id. at docket entry # 4.  Wilmington Trust then filed a motion for summary judgment, and the court on February 23, 2015 entered judgment in rem in the amount of $611,259.86 in favor of Wilmington Trust and against Trina and Richard Lewis.  Id. at docket entries # 6-7.  Moreover, the Court also entered judgment against Trina and Richard Lewis on June 24, 2016 in the amount of $315,976.18.  Id. at # 8.  Trina and Richard Lewis did not appeal these judgments.

Nearly a year later, plaintiffs filed a complaint in the Court of Common Pleas of Montgomery County, Pennsylvania.  Defendants duly removed to this Court.  Plaintiffs aver that the defendants do not own the mortgage at the center of the foreclosure in the State Court Action.

See Compl. at ¶ 16.  They support this allegation by listing the myriad transfers of their mortgage and, at various points in the complaint, claim that some of the signatories had no authority to sign certain documents and that the sophisticated defendants did not adequately explain the terms of the mortgage.  Plaintiffs further aver that they filed Requests for Mortgage Assistance ("RMA") on five separate occasions between December of 2011 and February of 2016 and their requests were denied without reasonable explanation.  Id. at ¶ 27.  Plaintiffs assert thirteen claims in their complaint:  (1) fraud in the concealment, (2) fraud in the inducement, (3) quiet title, (4) breach of good faith and fair dealing, (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), (6) breach of contract, (7) fraudulent misrepresentation, (8) violation of the Homeowner's Equity Protection Act ("HOEPA"), (9) wrongful foreclosure, (10) slander of title, (11) negligent infliction of emotional distress, (12) negligence, and (13) dual tracking.  Defendants subsequently filed this motion.

**IV.     Discussion**

As stated above, we must first determine whether we have subject matter jurisdiction over plaintiffs' claims.  This case raises jurisdictional concerns under the Rooker-Feldman doctrine, which states that federal district and circuit courts "lack subject matter jurisdiction to engage in appellate review of state court determinations…that are inextricably intertwined with the state court's [decision] in a judicial proceeding."  Marks v. Stinson, 19 F.3d 873, 885 (3d Cir. 1994) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  This doctrine "applies only when a plaintiff asks a district court to redress an injury caused by the state court judgment itself – not when a plaintiff merely seeks to relitigate a claim or issue already litigated in state court."  Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149, 152 (3d Cir. 2008) (citing Exxon Mobile Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280, 292-293 (2005)).  Our Court of Appeals has set forth four requirements that must be met before the Rooker–Feldman doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).  Further, courts throughout the country have applied the Rooker-Feldman doctrine to cases such as this one where a plaintiff originally brought her action in state court before the defendant removed to federal court.  See, e.g., Baker v. Residential Funding Co., LLC, 886 F. Supp. 2d 591, 596 (E.D. Mich. 2012) (citing Anderson v. Charter Tp. of Ypsilanti, 266 F.3d 487, 492–93 (6th Cir. 2001) and Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 818 (7th Cir. 2010)).

      Applying the Rooker-Feldman doctrine, we find that the plaintiffs' claims for quiet title, breach of contract, breach of good faith and fair dealing, wrongful foreclosure, and slander of title are inextricably intertwined with the court's Judgment in the State Court Action and we therefore lack subject matter jurisdiction over these claims.  The plaintiffs lost in the State Court Action and judgment was entered in that matter before they filed this suit.  Plaintiffs request in their quiet title and slander of title claims that we enjoin the defendants from asserting claim to title for the foreclosed property.  Plaintiffs' request, of course, claims harm from the state court Judgment and invites us to review and reject that Judgment.  The same is true of plaintiffs' wrongful foreclosure claim, which by its very nature seeks our review of the validity of the state court Judgment.  Finally, the breach of contract and breach of good faith and fair dealing claims would require us to examine the validity of the mortgage contract and, by our doing so, would undermine the basis for the state court Judgment.

Defendants aver that plaintiffs' remaining claims are precluded by res judicata. We agree. Federal courts must give state court judgments the same preclusive effect that the issuing state courts would give them. See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). Pennsylvania law states that "any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149, 152–54 (3d Cir. 2008) (citing Balent v. City of Wilkes–Barre, 669 A.2d 309, 313 (Pa. 1995)). Privity for purposes of res judicata is broadly defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right. See Bergdoll v. Com., 858 A.2d 185, 197 (Pa. Commw. Ct. 2004). Res judicata also precludes claims that were not actually litigated, but that could have been litigated, during the previous proceedings. Balent, 669 A.2d at 313.

All of plaintiffs' remaining claims – fraud in the concealment, fraud in the inducement, violation of RESPA, fraudulent misrepresentation, violation of HOEPA, negligent infliction of emotional distress, negligence, and "dual tracking," could have been litigated in the State Court Action as they relate to the defendants' conduct with regard to plaintiffs' mortgage. In fact, plaintiffs responded to the complaint in the State Court Action with an answer and new matter where they could have raised all of their current claims. Finally, defendants Citi and MERS are in privity with Wilmington Trust as previous nominees, mortgagees, or assignees to the mortgage in question.

Our Court of Appeals has reached a similar conclusion where plaintiffs have attempted to relitigate claims alleged to have arisen during a state court foreclosure action. In Moncrief, that Court found that the plaintiff's fraud claims were "predicated on the same underlying

transaction" and should be precluded even <u>if</u> plaintiff had not been aware of the fraud at the time of the state court proceedings.  275 F. App'x at 153-54 (citing <u>United States v. Althone Indus., Inc.</u>, 746 F.2d 977, 983-84 (3d Cir. 1984)). In <u>Easley v. New Century Mort. Corp.</u>, 394 F. App'x 946, 949, the Third Circuit similarly held that a plaintiff's claims made pursuant to Pennsylvania's consumer protection laws could have been asserted as counterclaims in the mortgage foreclosure action, since that claim was "intimately tied to the creation of the mortgage and subsequent foreclosure."

The case before us presents cognate circumstances to those dismissed by our Court of Appeals, and we therefore find that plaintiffs' remaining claims against Citi, Wilmington Trust, and MERS are precluded by <u>res judicata</u>.

**V.   Conclusion**

Plaintiffs have attempted to relitigate their state court mortgage foreclosure case here, but the <u>Rooker-Feldman</u> doctrine bars their quiet title, breach of contract, breach of good faith and fair dealing, wrongful foreclosure, and slander of title claims against Citi, MERS, and Wilmington Trust.  Further, <u>res judicata</u> precludes the plaintiffs' remaining claims.  An appropriate Order follows.

BY THE COURT:

_/s/ Stewart Dalzell, J._
Stewart Dalzell, J.